# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SAMUEL CATO, | 1:05-cv-00168-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR PRELIMINARY INJUNCTIVE RELIEF |
| v. | (Doc. 2) |
| DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.     RELEVANT PROCEDURAL HISTORY**

Anthony Samuel Cato ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On April 22, 2008, plaintiff filed the complaint commencing this action, along with a motion for preliminary injunctive relief. (Docs. 1, 2.) In his motion, plaintiff, who is presently incarcerated at Corcoran State Prison ("CSP"), requests a court order enjoining several named defendants from harassing and retaliating against him for engaging in conduct protected under the First Amendment, as described in plaintiff's complaint. In the complaint, plaintiff alleges that defendants have retaliated against him for filing prison grievances and for associating with others at the prison. According to plaintiff's allegations, defendants have "tainted" his food trays, assaulted him, staged incidents which unfairly resulted in discipline against him, mis-classified him as an active gang associate and retained him in the SHU without justification, defamed him as a sex offender and a snitch, refused him medical care, tampered with

his mail, and changed his housing assignment, out of retaliation. Plaintiff claims that he needs immediate protection from defendants' harassment and retaliatory actions.

## II.    MOTION FOR PRELIMINARY INJUNCTION

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the Court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the Court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). In this instance, a complaint is on file and plaintiff has been granted leave to proceed in forma pauperis. However, the court has just completed its initial screening of the complaint and, in an order issued concurrently with this order, granted plaintiff leave to either file an amended complaint curing the deficiencies identified by the court, or to notify the court he wishes to proceed only with the claims found cognizable by the court. Thus, at this stage of the proceedings, those defendants who will remain in the action have not been identified, served with process, or given an opportunity to make an appearance in the action. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Moreover, even after defendants have been served and have appeared in this action, plaintiff is not entitled to injunctive relief unless he demonstrates that he is likely to succeed on the merits. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). With regard to plaintiff's allegations of harassment, verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); see Keenen v. Hall, 83 F.3d 1083, 1092 (9 Cir. 1996). With regard to plaintiff's allegation of retaliation, a viable claim of First Amendment retaliation entails five elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir.2005) (*citations omitted*). In this action, plaintiff has not submitted any evidence except his own statements supporting the allegation that the alleged retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline. Such claims must be evaluated in light of the deference that must be accorded to prison officials. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Plaintiff must submit evidence to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Plaintiff's statements alone, even if true, are simply not a basis upon which this court may make a finding that plaintiff is likely to succeed on the merits.

**III.   CONCLUSION**

Based on the reasons set forward in this order, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed April 22, 2008, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 20, 2008**                              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE