# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SAMUEL CATO, | 1:08-cv-00555-LJO-SMS-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION PROCEED ONLY AGAINST CERTAIN DEFENDANTS, AND ALL REMAINING CLAIMS AND DEFENDANTS BE DISMISSED |
| vs. | |
| DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. / | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

Plaintiff Anthony Samuel Cato ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint upon which this case proceeds on April 22, 2008. (Doc. 1.) The complaint names as defendants Sgt. P. Acosta, Derral G. Adams (Superintendent, CSP), Correctional Officer ("C/O") H. Barron, C/O Byrum, C/O J. Campbell (Asst. Institutional Gang Investigator), C/O Mr. Carrol, C/O Mrs. Carrol, C/O P. Castillo, C/O J. Castro, Sgt. Dicks, C/O Docanto, C/O Dominguez, Medical Technical Assistant ("MTA") Florez, C/O Garcia, Sgt. A. Garcia, C/O H. Hammon, Capt. M. Jennings, M. Junious (Associate Warden, CSP), Lt. J. A. Keener, C/O Kelly, C/O S. Licon, C/O S. Lonloria, Lopez (Associate Warden, CSP), C/O Martinez, Sgt. Martinez, Sgt. J. Moore, C/O Naranjo, MTA R. Pascua, C/O J. Payne, C/O L. Scott, C/O M. Singh, C/O Solano, Tillton (Director of the California Department of Corrections and Rehabilitation ("CDCR")), Sgt. A. Trujillo, and C/O Williams. Plaintiff also names more than thirty other persons in the body of the complaint who were not included on plaintiff's list of named defendants. The complaint alleges that defendants entered into a conspiracy, retaliated against plaintiff for filing administrative appeals at the prison, failed to protect him, and violated his rights to adequate medical care and due process. Plaintiff alleges he suffered injury from tainted food, beverages, and canteen items, from

physical assault, prosecution for false allegations, denial of medical attention, defamation, and an inadequate prison appeals process.

On June 23, 2008, court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found the complaint states cognizable claims for relief under section 1983 against defendants Cheema, Espinoza, Williams, and John/Jane Does for adverse conditions of confinement under the Eighth Amendment; against defendant Castro for excessive force under the Eighth Amendment; against defendant Pascua for inadequate medical care under the Eighth Amendment; against defendants Castro, Cheema, Hammon, Jorben, Kelly, C/O Martinez, Moreno, Naranjo, Singh, Wildes, Williams, and John Does for failure to protect plaintiff under the Eighth Amendment; and against defendants Adams, Auid, Barron, Carrol, Castro, Cheema, Dicks, Docanto, Dominguez, Espinoza, Flores, C/O Garcia, Hammon, Hernandez, Jamison, Jorben, Keener, Kelly, Licon, Luna, Magnas, C/O Martinez, Moore, Moreno, Mussleman, Naranjo, Parker, Perez, Payne, Pruneda, Rodriguez, Romero, Scott, Singh, Wildes, Williams, and John/Jane Does for retaliation under the First Amendment. (Doc. 10.) The court also found that plaintiff stated no other claims. Plaintiff was given leave to either file an amended complaint or notify the court that he wishes to proceed only on the claims found cognizable by the court. On July 23, 2008, plaintiff notified the court that he does not wish to file an amended complaint and wishes to proceed only on the claims found cognizable by the court. (Doc. 17.)

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed against:

　　(1)　defendants Cheema, Espinoza, Williams, and John/Jane Does for adverse conditions of confinement under the Eighth Amendment;

　　(2)　defendant Castro for excessive force under the Eighth Amendment;

　　(3)　defendant Pascua for inadequate medical care under the Eighth Amendment;

　　(4)　defendants Castro, Cheema, Hammon, Jorben, Kelly, C/O Martinez, Moreno, Naranjo, Singh, Wildes, Williams, and John Does for failure to protect plaintiff under the Eighth Amendment; and

　　(5)　defendants Adams, Auid, Barron, Carrol, Castro, Cheema, Dicks, Docanto, Dominguez, Espinoza, Flores, C/O Garcia, Hammon, Hernandez, Jamison,

|   |   |   |
|---|---|---|
|   |   | Jorben, Keener, Kelly, Licon, Luna, Magnas, C/O Martinez, Moore, Moreno, Mussleman, Naranjo, Parker, Perez, Payne, Pruneda, Rodriguez, Romero, Scott, Singh, Wildes, Williams, and John/Jane Does for retaliation under the First Amendment; |
|   | 2. | All remaining claims and defendants be dismissed from this action; |
|   | 3. | Plaintiff's claims against defendants Sgt. P. Acosta, C/O Byrum, C/O J. Campbell (Asst. Institutional Gang Investigator), C/O P. Castillo, Sgt. A. Garcia, Capt. M. Jennings, C/O S. Lonloria, Lopez (Associate Warden, CSP),  Sgt. Martinez, C/O Solano, Tillton (Director of the California Department of Corrections and Rehabilitation ("CDCR")), Sgt. A. Trujillo be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them; and |
|   | 4. | Plaintiff's claims for conspiracy, due process, defamation,, discrimination, inadequate prison grievance process, screening of outgoing mail, and Eighth Amendment violations based on gang validation and SHU retention be dismissed for plaintiff's failure to state a claim upon which relief may be granted under section 1983. |

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 4, 2008**                                       **/s/ Sandra M. Snyder**
                                                                  UNITED STATES MAGISTRATE JUDGE